UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GREG JAMES WARMKE, | ) |
|     Plaintiff | ) |
| v. | ) 1:11-cv-00370-DBH |
| PATRICIA BARNHART, | ) |
|     Defendant | ) |

**RECOMMENDED DECISION ON MOTION TO RE-OPEN**

Greg Warmke has filed what he calls a "motion to re-open" his habeas corpus petition challenging his state court conviction for murder. (ECF No. 22.) Judgment against Warmke entered on his original habeas petition on March 29, 2012, and the instant motion was not filed until September 6, 2012. Although the motion is not styled as a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, that is the only legal basis for "re-opening" his now closed habeas proceeding. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). The reason given by Warmke in support of his motion is that the Court failed to properly apply the Supreme Court's decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012),[1] to his habeas corpus petition. Martinez was decided after the March 6, 2012, recommended decision issued on Warmke's petition, but nine days prior to the entry of judgment. Warmke never sought a certificate of appealability in conjunction with the original judgment. I now recommend that the Court deny the motion.

---

[1] Martinez v. Ryan held for the first time that inadequate assistance of counsel at initial-review state collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel, if the claim of ineffective assistance of trial counsel could not have been raised on direct appeal pursuant to controlling state precedent. Martinez, 132 S. Ct. at 1318. In order to obtain relief under this ruling, a federal habeas petitioner must establish that his state post-conviction attorney in his first state collateral proceeding was ineffective, that the underlying ineffective assistance of trial counsel claim was substantial, and that petitioner was prejudiced. Id. at 1316, 1320.

**Background**

This motion to re-open is applicable to only one ground raised in the petitioner's federal habeas petition.  Warmke makes the following assertion in support of his motion:

> Specifically, Petitioner raised an issue that his post conviction attorney's ineffective assistance of counsel fell within the cause and prejudice standard to excuse a procedural default.  Petitioner asserts that this Court abused its discretion and committed legal error in finding otherwise.

(Mot. to Re-open at 1, ECF No. 22.)

The Martinez case, with its focus on excusing procedural default, has only limited application to Warmke's petition because my recommended decision addressed the merits of all his habeas claims except for a claim of ineffective assistance of trial counsel related to an alleged failure to challenge a juror's potential bias, the one ground found to be procedurally defaulted.  As to this one claim, I agreed with the State's position and concluded that "there is no reason to view this claim as other than procedurally defaulted." (Recommended Decision at 9, ECF No. 16.)  Although petitioner's original pro se state post-conviction petition, later amended and adopted by counsel, did raise the issue of potential juror bias, state post-conviction counsel failed to present any evidence on this issue at the hearing.  The state post-conviction justice did not address the issue in his decision and the issue was not raised in the discretionary appeal notice, hence the procedural default of this one particular issue.

The "potential" juror bias, as I recounted in my original recommended decision, was based upon an extremely murky record.  During the initial jury selection process, one of the jurors responded to the Court's second question, "Anyone here who is employed with anyone else in the jury pool?," by stating that his boss's daughter was Juror 39, and that *possibly* that fact could affect the juror's freedom to speak during jury deliberations.  (Trial Tr. at 11.)  The juror indicated the presence of his boss's daughter would not affect his view of the case.  The

transcript does not make clear whether the juror who responded in this fashion was juror 133 or juror 78. Ultimately the jury that was seated (Trial Tr. at 249), following a lengthy jury voir dire that stretched into a second day, did not include juror 78, whose juror number had been noted by the Court as possibly being affected by juror 39 during jury selection. However, the transcript testimony reveals that it could have been juror 133 (or 67) who might have been affected by juror 39's presence on the jury. (Trial Tr. at 10-12.) In any event, the jury as finally constituted consisted of jurors 133 and 39, and both jurors concurred in the guilty verdict. (Trial Tr. at 911-912.) There is nothing else in the record about "potential" juror bias and no indication that juror 133 was in any way prevented from speaking freely during jury deliberations.

## Discussion

Warmke's motion to re-open is premised on what he describes as "legal error" based on this Court's failure to apply the newly minted <u>Martinez v. Ryan</u> to the facts of this particular case. (Motion at 1.) The idea that a change in substantive law is a "reason that justifies relief" under Rule 60(b)(6) in the context of a Section 2254 petition is not a novel concept. The United States Supreme Court has observed that a Rule 60(b) motion is a proper means of seeking relief from a default judgment mistakenly entered in a habeas matter, <u>Gonzalez</u>, 545 U.S. at 534, but also that a motion ostensibly brought under Rule 60(b) but seeking to press a habeas "claim" based on a change in substantive law would more properly be considered as a "second or successive habeas corpus application" under 28 U.S.C. § 2244(b), <u>id.</u> at 530-31.

The Court supplied several examples of Rule 60(b) motions that would amount to "claims" for purposes of the second and successive restriction on habeas filings:

> For example, [a motion] might straightforwardly assert that owing to "excusable neglect," Fed. Rule Civ. Proc. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error, and seek leave to present that claim. Cf. Harris v. United States, 367 F.3d 74, 80-81 (CA2 2004). Similarly, a motion might seek leave to present "newly discovered evidence," Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied. E.g., Rodwell v. Pepe, 324 F.3d 66, 69 (C.A.1 2003). Or a motion might contend that a subsequent change in substantive law is a "reason justifying relief," Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim. E.g., Dunlap v. Litscher, 301 F.3d 873, 876 (C.A.7 2002). Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. E.g., Rodwell, supra, at 71-72; Dunlap, supra, at 876.

Gonzalez, 545 U.S. at 530-531 (concluding: "We think those holdings are correct").

In Gonzalez, the Supreme Court held that the Rule 60(b) motion before it was not barred as a second and successive petition because it challenged only the district court's prior ruling on a statute of limitations, without advocating merits-based grounds for habeas relief. Id. at 535-36. Nevertheless, the Court concluded that the Rule 60(b) motion was properly denied under Rule 60(b)(6) for failure to show "extraordinary circumstances." Id. at 536.

Here, Warmke's Rule 60(b) motion is designed to press a habeas "claim" of ineffective assistance of counsel because the motion for relief from judgment attacks the merits of the underlying resolution of the habeas petition. Consequently, it is really a second or successive habeas petition subject to the limitation that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A), as well as the limitation requiring pre-certification by the Court of Appeals that the second or successive application is authorized, 28 U.S.C. § 2244(b)(3). See Gonzalez, 545 U.S. at 531-32 (expressing concern that Rule 60(b) motions not "be used to circumvent § 2244(b)(2)(A)'s dictate" or "the [§ 2244(b)(3)] requirement").

**Conclusion**

Applying these principles to Warmke's motion to re-open, it is apparent that this Court is unable to grant him relief.  Because Warmke's motion to re-open is actually a second attempt to file a habeas petition, as matters now stand this court lacks jurisdiction to hear this case under 28 U.S.C. § 2244(a) and Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997) ("AEDPA's prior approval provision allocates subject-matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.").  Accordingly, I recommend that the Court deny the motion to re-open because there is no basis for Rule 60(b)(6) relief in this case.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

November 15, 2012                /s/ Margaret J. Kravchuk
                                 U.S. Magistrate Judge